Fredrick, Schulman & Associates
30 East 29th Street, Ste. 204
NY, NY 10016

Airene Williamson, Esq.
Nevada State Bar # 11594
California State Bar # 277101
WILLIAMSON LAW OFFICE, PLLC
1645 Village Center Circle, Ste. 200
Las Vegas, NV 89134
Tel: (702) 851-1191
Fax: (702) 851-1198

444 W. Ocean Blvd., Ste 800
Long Beach, CA 90802
Telephone (424)324-9636
awilliamson@wlawoffice.com
*Of Counsel*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Carla Fredrick, an individual | **Case No.** |
| Plaintiff, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **Judge:** |
| CKS Financial, LLC, a Virginia Limited Liability Company | **Dept:** |
| | **Date:** |
| Defendant. | **Time:** |

    **COMES NOW** Plaintiff Carla Fredrick (hereinafter referred to as "Plaintiff"), by and through her attorney, Airene Williamson of the Williamson Law Office, PLLC, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant CKS Financial, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15

1

U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## I. INTRODUCTION

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## II. JURISDICTION AND VENUE

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

3.   Plaintiff is a natural person and a resident of the State of California, Orange County.

4.   At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

5. Upon information and belief, Defendant CKS Financial, LLC ("CKS") is a Viraginia limited liabilty company conducting business from offices located at 2125 Smith Avenue Ste 200 Chesapeake Virginia 23320.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempt to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

10. Beginning in or around August 2014, Defendant commenced collection activity against plaintiff to recover an alleged debt (referred to hereinafter as the "Alleged Debt") originating from a credit card debt.

11. On or about August 8, 2014, Defendant placed a telephone call to Plaintiff's cellular telephone at 6:57 AM.

12. On or about September 11, 2014, Defendant placed a telephone call to Plaintiff's cellular telephone at 7:06 AM.

13. On or about September 12, 2014, Defendant placed a telephone call to Plaintiff's cellular telephone at 7:18 AM.

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

14. On or about September 18, 2014, Defendant placed a telephone call to Plaintiff's cellular telepone at 6:47 AM.

15. On or about September 22, 2014, Defendant placed a phone call to Plaintiff's cellular telephone at 7:21 AM.

16. On or about September 24, 2014, Defendant placed a phone call to Plaintiff's cellular telephone at 7:06 AM.

17. Furthermore, after each telephone call, Defendant left a voicemail for Plaintiff.

18. In said voicemails, Defendant failed to provide the required Mini-Miranda disclosures under 15 U.S.C. §1692e(11),[1] that it was a debt collector and that the communication was an attempt to collect a debt.

19. Upon information and belief, Plaintiff has not received any communication in writing from Defendant.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

...
…
…
…
…
…
…

---

[1] 15 U.S.C. §1692e(11) requires a debt collector to inform a consumer in the initial communication with the consumer that "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." This disclosure is commonly known as the "mini-Miranda." In the event that a debt collector's first communication with a consumer is oral, the full mini-Miranda disclosure must be provided in the oral communication as well as included in the first written communication sent to the consumer.

4

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

## V. FIRST CAUSE OF ACTION
**(Violations of 15 U.S.C §1692g)**

21. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's conduct violated 15 U.S.C. §1692g(a) in that Defendant failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication. To date, Defendant has not sent such a notice to Plaintiff.

23. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## VI. SECOND CAUSE OF ACTION
**VIOLATION OF 15 U.S.C. § 1692e(11)**

24. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

25. Defendant's conduct violated 15 U.S.C. §1692e(11) in that Defendant failed to provide the required Mini-Miranda disclosures, that it was a debt collector and that the communication was an attempt to collect a debt when it called Plaintiff.

26. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## VII. THIRD CAUSE OF ACTION
**(Violation of 15 U.S.C. §1692d**

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

28. Defendant's conduct violated §1692d in that Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff.

29. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### VIII. FOURTH CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

31. The Defendant's conduct violated 15 U.S.C. §1692c(a)(1) in that the Defendant placed telephone calls to Plaintiff's cellular phone before 8:00 AM, a time known to be inconvenient for consumers.

32. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carla Fredrick demands judgment against the Defendant CKS Financial, LLC as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury for all claims and issues in this verified complaint.

DATED: October 6, 2014        WILLIAMSON LAW OFFICE, PLLC

By: */s/ Airene Williamson*
    Airene Williamson, Esq.
    Nevada State Bar # 11594
    California Bar # 277101
    Attorney for Plaintiff

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

## VERIFICATION

I am the plaintiff in this action. I have read the foregoing complaint and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date of execution: _Sept 22, 2014_

_/s/ Carlya H. Fredrick_
PLAINTIFF
CARLYA H. FREDRICK

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL